IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MIGUEL SOTO-TORRES,

Petitioner,

v.

J.E. THOMAS,
WARDEN FCI-SHERIDAN,

Respondent.

CV 07-980-MA

OPINION AND ORDER

MIGUEL SOTO-TORRES
Reg. No. 64660-008
F.C.I. Sheridan
Sheridan, Oregon 97378-5000

Petitioner, *Pro Se*

KARIN J. IMMERGUT
United States Attorney
SCOTT ERIK ASPHAUG
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

Attorneys for Respondent

MARSH, Judge:

Petitioner, an inmate at the Bureau of Prisons (BOP) Federal Correctional Institution (FCI) in Sheridan, Oregon, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Petitioner seeks a writ of habeas corpus, ordering the BOP to adjust his sentence computation to reflect an additional 8 months and 15 days of detention credit.

For the reasons set forth below, the petition (#2) is denied.

**BACKGROUND**

On March 3, 1999, Petitioner was sentenced in the United States District Court for the District of Arizona to 90 days imprisonment for Illegal Entry. On April 2, 1999, he was deported. On September 10, 2002, Petitioner was sentenced in Franklin County Superior Court, in Pasco, Washington, to 21 months imprisonment for Possession with Intent to Deliver a Controlled Substance and Possession of a Firearm. Upon release he was relinquished to immigration authorities and again deported on August 1, 2003.

On June 14, 2006, Petitioner was sentenced to 12 months and 1 day imprisonment in Franklin County Superior Court, in Pasco, Washington, for Unlawful Possession of a Firearm and Alien in Possession of a Firearm Without a License. He was discharged from the Washington Department of Corrections on October 4, 2006, to the BOP, on a federal detainer. Petitioner was then sentenced on November 30, 2006 in the United States District Court for the Eastern District of Washington to 54 months imprisonment for violation of 18 U.S.C. § 1326, Alien in the United States After Deportation. The sentencing judge, the Honorable Lonny R. Suko, made the following recommendations to the BOP on a page in the

judgment titled "Imprisonment":

> Court recommends participation in BOP Inmate Financial Responsibility Program.
>
> Court recommends placement at Sheridan, Oregon facility.
>
> Court recommends credit for time served since incarceration on 3/15/06.

In accordance with the United States Department of Justice Program Statement (PS) 5880.28, which contains the Sentence Computation Manual (CCA of 1984) used by the BOP to prepare sentence computations, the BOP computed Petitioner's sentence computation date as November 30, 2006, the date Petitioner commenced his federal sentence. However, 56 days of "prior custody credit" was applied toward Petitioner's sentence computation, from October 5, 2006, the day he was released from state custody, through November 29, 2006, the day before commencement of his federal sentence. This "prior custody credit" computation was calculated in accordance with 18 U.S.C. § 3585(b), which mandates that a defendant "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --

> (1) as a result of the offence for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Notwithstanding the sentencing court's recommendation to credit Petitioner for time served beginning March 15, 2006, the BOP resolved that since Petitioner had been given credit against his state court sentence for time served between March 15, 2006 and October 5, 2006, it would treat the sentencing court's recommendation as "surplusage," as allowed by the CCA of 1984, otherwise Petitioner would be given double credit for that time.

According to Respondent, Petitioner filed an administrative complaint "at the institutional level," which was denied. Respondent avers that a search of the SENTRY system does not show any record of further appeals.

Petitioner filed the instant Section 2241 petition on July 2, 2007 alleging that the BOP's calculation of his prior custody credit fails to account for the sentencing court's "direction" to the BOP to give him "full detention credits for the period of March 15, 2006 through November 30, 2006 (or 8 months and 15 days)."

By its Answer (#11) filed December 14, 2007, Respondent moves to dismiss this petition without prejudice on the basis that Petitioner has failed to exhaust his administrative remedies. In the alternative, if the Court reaches the merits of the petition Respondent urges the Court to hold that Petitioner is not entitled to any further prior custody credit because the

sentencing court did not order, but only recommended, that Petitioner receive prior custody credit beginning March 15, 2006.

**STANDARDS**

The BOP has an Administrative Remedy Program through which an inmate may seek formal review of any complaint regarding any aspect of his imprisonment. 28 C.F.R. § 542.10. In order to exhaust appeals under the program an inmate must present his complaint first to the Warden of the Institution where he is confined. Then he may appeal an adverse decision to the Regional Director, and then to the Central Office of the BOP. No administrative remedy appeal is considered to have been fully exhausted until it is reviewed by the BOP's Central Office. 28 C.F.R. § 542.15(a).

Ordinarily, a prisoner must fully exhaust his administrative remedies before appealing to the district court. *Terrell v. Brewer,* 935 F.2d 1015 (9th Cir. 1991). However, this judicially created rule is not jurisdictional. *See Brown v. Rison*, 895 F.2d 533, 536 (9th Cir. 1990). Notwithstanding the Prison Litigation Reform Act (PLRA) (42 U.S.C. § 1997e(a)), declaration that "[n]o action shall be brought...until such administrative remedies as are available are exhausted," the Supreme Court has held that courts should not impose heightened pleading requirements on petitioners where Congress has not expressly instructed them to

do so. *See Swierkiewicz v. Sorema*, 534 U.S. 506 (2002) (holding that a complaint in an employment discrimination lawsuit need not contain specific facts establishing a *prima facie* case of discrimination under the *McDonnell Douglas* standard). Thus, failure to exhaust administrative remedies is an affirmative defense, not a pleading deficiency. *See Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003).

The doctrine of administrative exhaustion creates a strong presumption against appellate consideration of unexhausted claims. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact. *Terrell v. Brewer,* 935 F.2d at 1019.

Where a petitioner has not exhausted his administrative remedies, "the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *See Brown v. Rison*, 895 F.2d 533, 536 (9th Cir. 1990). If a district court declines to reach the merits,

the proper remedy is dismissal without prejudice, which allows a petitioner to exhaust his administrative remedies with the BOP, and then refile his petition with the district court if he does not obtain the administrative remedy he seeks. *Terrell,* 935 F. 2d at 1019 (citing *Greene v. Meese*, 875 F.2d 639, 640-43 (7th Cir. 1989)(stating that federal judges have "greater freedom in formulating the procedural requirements for suits under the Constitution than they have in interpreting" statutes).

The Ninth Circuit has held that exhaustion is clearly not required if pursuing administrative remedies would be futile. *Fraley v. U.S. Bureau of Prisons*, 1 F. 3d 924, 925 (9th Cir. 1993). The Honorable Ancer L. Haggerty in this district has also waived the requirement where the administrative procedure is clearly shown to be inadequate to prevent irreparable injury. *Hicks v. Hood*, 203 F.Supp. 2d 379 (D.Or. April 2, 2002). In addition, the Second and Third Circuits have held that administrative exhaustion should not be required where the actions of an agency clearly and unambiguously violate statutory and constitutional rights, such as when administrative procedure does not afford a claimant prior notice and a hearing. *See Finnerty v. Cowen*, 508 F.2d 979 (2d Cir. 1974); *First Jersey Securities, Inc. v. Bergen*, 605 F.2d 690, 696 (3d Cir. 1979).

**DISCUSSION**

Petitioner does not dispute that he failed to exhaust his administrative remedies. Thus, I must decide whether to dismiss the petition without prejudice to allow petitioner to pursue a remedy through the BOP's Administrative Remedy Program, or to proceed to the merits of the petition.

Petitioner argues that "further attempts to resolve this dispute administratively...would be an exercise in futility" because the BOP has "refused to respond to the concerns raised by the petitioner in this action" and because the BOP has "consolidated all it's [*sic*] sentence computation services" to an office in Texas. However, as mentioned above, Respondent avers that Petitioner filed a complaint with the Warden of FCI-Sheridan, which was considered and denied, and that Petitioner did not appeal this decision to the Regional Director or the Central Office.

The Warden's denial of Petitioner's complaint is not properly characterized as a failure to respond to Petitioner's concerns. Further, the location of the BOP Regional Director's office, or the Central Office, has no bearing on the utility of further administrative proceedings. Accordingly, I do not find any merit to Petitioner's futility argument.

Petitioner seeks prior custody credit for time served from

March 15, 2006 through November 30, 2006. However, since he has already been credited for time served from October 29, 2006 through November 29, 2006 (and for November 30, 2006, his sentence computation date), the total prior custody credit in dispute is seven months, 19 days. With a current projected release date of September 4, 2010, Petitioner could be released as early as February 2009 if he were to receive this credit. As it is now early June 2008, I find that sufficient undisputed time remains on his sentence of imprisonment to pursue administrative remedies without causing irreparable harm. Thus, for this reason, too, I decline to reach the merits of Petitioner's claim that the BOP has wrongly denied him prior custody credit.

## CONCLUSION

Based on the foregoing, petitioner's habeas corpus petition (#2) is DENIED, and this case is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this 11 day of June, 2008.

/s/ Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge